UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| ERIC C. SUTHERLAND, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 5:24-cv-00002-GFVT |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| WARDEN DAVID PAUL, | ) **&** |
| | ) **ORDER** |
| Respondent. | ) |
| | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Eric C. Sutherland is a federal inmate currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without counsel, Sutherland has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. [R. 1, 8] Thus, the Court is now required to conduct an initial screening of Sutherland's § 2241 petition by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

In August 2019, pursuant to a plea agreement with the United States, Sutherland pled guilty in the United States District Court for the Western District of Kentucky to one count of attempting to persuade, induce, and entice an individual, who had not attained the age of eighteen years, to engage in sexual activity for which a person may be charged with a criminal

-1-

offense in violation of 18 U.S.C. § 2422(b).  In November 2019, Sutherland was sentenced to a term of imprisonment of 120 months.  *United States v. Sutherland*, No. 3:18-cr-136-DJB-1 (W.D. Ky.).

In July 2021, Sutherland filed a motion to alter, amend, or vacate his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, in which he argued that he was "actually innocent" of the offense for which he was convicted because the 17-year old victim had reached the age of consent in Kentucky, thus there was no underlying "criminal offense" for purposes of his § 2422(b) conviction.  *Id*. at R. 97, 102.  He also claimed that his counsel was ineffective and that the prosecutor engaged in misconduct for repeatedly advising him that neither the age of consent, nor the fact that a state grand jury returned a "no true bill" on all state counts against him, mattered for purposes of his § 2422(b) charges.  *Id*.  Sutherland also claimed that the sentencing court failed to fully explain the elements of § 2422(b).  *Id*.

The District Court denied Sutherland's § 2255 motion, finding that the motion was untimely and Sutherland was not entitled to equitable tolling based on a credible claim of actual innocence based on new reliable evidence.  *Id*. at R. 103, 107.  Sutherland filed a notice of appeal, but the United States Court of Appeals for the Sixth Circuit denied his motion for a certificate of appealability, finding that Sutherland "failed to produce new, reliable evidence of actual innocence, and jurist of reason would not disagree that his § 2255 motion is not entitled to an equitable exception to the limitations period."  *Sutherland v. United States*, No. 22-5168 (6th Cir. Aug 9, 2022 Order).

Sutherland previously filed a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in this Court on grounds similar to those presented in his unsuccessful § 2255 motion.  *See Sutherland v. USA, et al.*, 5:22-cv-256-WOB.  In his § 2241 petition filed in that

2

case, Sutherland argued that an element of a violation of 18 U.S.C. § 2422(b) is that one must be "charged with a criminal offense." *Id*. at R. 1 at p. 5.  Thus, he claimed that his federal indictment was defective because it fails to specify an underlying criminal offense with which he had been charged.  *Id*.  He also argued that because a Jefferson County (Kentucky) Circuit Court grand jury returned a "no true bill" on September 27, 2018 (just after the federal indictment was issued on September 6, 2018), he could not be "charged with a criminal offense" for purposes of his federal indictment.  *Id*.  Finally, Sutherland argued that he may pursue his claims in this § 2241 petition because a "defect in AEDPA is barring his first § 2255 on 'actual innocence'" because Sutherland "cannot show 'new' evidence of a violation of substantive federal criminal statute.'"  *Id.* at p. 1, 3.

In that case, Sutherland's § 2241 petition was dismissed on initial review, both because Sutherland waived his right to collaterally attack his conviction as part of his plea agreement and because the Court lacked subject-matter jurisdiction over Sutherland's § 2241 petition because he could not show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence.  *Id*. at R. 6.  Sutherland appealed the dismissal of his § 2241 petition to the United States Court of Appeals for the Sixth Circuit.  *Id*. at R. 16.  The Sixth Circuit affirmed, finding that "the district court properly concluded that it lacked subject-matter jurisdiction over Sutherland's § 2241 petition because he failed to show that his remedy under § 2255 is inadequate or ineffective."  *Id*. at R. 32 at p. 2.

Undeterred, Sutherland has now filed a second § 2241 petition in this Court, in which he continues to argue that he is actually innocent of his crimes of conviction based on his allegations that his federal indictment was defective because his state case was "no true billed." [R. 1 at p. 5]  He also claims that the record in his federal criminal case was falsified to "stop"

3

the Speedy Trial 30-day clock which would have mandated dismissal of the indictment against him. [*Id.*] He argues that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective because his claims involve "actual innocence with new evidence exemplified and in accordance with the requirements of 28 U.S.C. § 1738 and FRCP 44." [R. 1 at p. 3]

However, as before, Sutherland's § 2241 petition will be dismissed.[1] As an initial matter, Sutherland is still bound by the waiver in his plea agreement of his right to collaterally attack his conviction. *United States v. Sutherland*, No. 3:18-cr-136-DJB-1 (W.D. Ky.) at R. 49 (Plea Agreement), ¶ 12. In addition to waiving his right to directly appeal and/or collaterally attack his conviction and sentence under 28 U.S.C. § 2255, Sutherland "specifically waive[d] on appeal or in a collateral attack any argument that (1) the statute to which [Sutherland] is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes." *Id.* at R. 49 (Plea Agreement), ¶ 12. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *cert. denied*, 139 S. Ct. 1291 (2019). Sutherland remains bound by his agreement and is therefore barred from challenging his conviction in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky.

---

[1] Although the Court declines to dismiss Sutherland's petition as an abuse of the writ at this time, Sutherland is advised that his repeated presentation of the same claims for relief in multiple § 2241 petitions is inappropriate. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008) ("Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 habeas petitions, courts may decline to address claims brought repeatedly.") (citing 28 U.S.C. § 2244(a)). Future § 2241 petitions filed by Sutherland on these same grounds may be summarily dismissed as an abuse of the writ.

Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Even aside from the waiver, Sutherland's § 2241 petition must be dismissed for lack of subject-matter jurisdiction because Sutherland cannot show that a motion under § 2255 is inadequate or ineffective to test his conviction or sentence. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021). While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *id*. at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255 in the court that sentenced him. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has

5

passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Here, Sutherland claims that there is "newly discovered evidence" raising questions regarding the legality of his indictment, which he then argues demonstrates his actual innocence. Even if Sutherland's claim that new evidence exists is true, he may request permission from the United States Court of Appeals for the Sixth Circuit to file a second or successive § 2255 motion via § 2255(h)(1), which allows a second or successive motion certified by the appropriate court of appeals to contain "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023) ("Since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)."). However, in *Jones*, the United States Supreme Court clarified that the inability of a prisoner to satisfy the two limited conditions specified by § 2255(h) "in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences…does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480. Thus, if Sutherland is unsuccessful in obtaining the required certification from the Sixth Circuit, his inability to satisfy the requirements of § 2255(h)(1) does not mean that he may raise his claims in a § 2241 petition filed pursuant to the savings clause.

The savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding. *Taylor*, 990 F.3d at

6

499-500 (6th Cir. 2021).  Because *Jones* makes clear that Sutherland is unable to clear this hurdle, his § 2241 petition must be dismissed for lack of subject-matter jurisdiction.  *Id*.

Sutherland has also filed a Motion to Appoint Counsel, in which he requests that counsel be appointed to represent him because his "substantial rights have been violated by the USCD WDKY at Louisville" and because he is being "unlawfully imprisoned by Warden David Paul." [R. 6]  Section 2241 does not independently authorize the appointment of counsel.  The Criminal Justice Act, 18 U.S.C. § 3006A, vests the district court with discretion to appoint counsel in habeas corpus proceedings where the interests of justice require it and the petitioner is "financially unable to obtain adequate representation."  18 U.S.C. § 3006A(a)(2)(B).  However, "[t]he decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  As one court has explained,

> Habeas corpus is an extraordinary remedy for unusual cases and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel.

*Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (cleaned up).

Here, Sutherland has demonstrated an ability to represent himself by filing a legible, organized petition including a competent description of the relevant facts and legal argument in support of his claims.  Even so, it is clear that the Court does not have jurisdiction over Sutherland's § 2241 petition.  The Court has considered the relevant factors and concludes that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for Sutherland.  Thus, Sutherland's motion requesting the appointment of counsel will be denied.

Because this Court does not have jurisdiction over Sutherland's § 2241 petition, his miscellaneous motions for relief, including his Motion to Compel [R. 5], Motion for Order [R. 12], Request for Admissions [R. 13], Motion for Default Judgment [R. 14], Motion for Partial Summary Judgment [R. 15], Motion for Leave to Conduct Discovery [R. 16], Motion/Request for Admissions [R. 17], Request for Leave to Hold Evidentiary Hearing [R. 19], Memorandum in Support of Summary Judgment [R. 20], and Motion for Leave to Add Exhibit [R. 21] are all denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1. Sutherland's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction;

2. Sutherland's Motion to Appoint Counsel [R. 6] is **DENIED**;

3. Sutherland's remaining requests for relief, including his Motion to Compel [R. 5], Motion for Order [R. 12], Request for Admissions [R. 13], Motion for Default Judgment [R. 14], Motion for Partial Summary Judgment [R. 15], Motion for Leave to Conduct Discovery [R. 16], Motion/Request for Admissions [R. 17], Request for Leave to Hold Evidentiary Hearing [R. 19], Memorandum in Support of Summary Judgment [R. 20], and Motion for Leave to Add Exhibit [R. 21] are all **DENIED AS MOOT**;

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

5. A corresponding Judgment will be entered this date.

This the 9th day of September 2024.



Gregory F. Van Tatenhove
United States District Judge